# CHESHIRE.

## JULY TERM, A. D. 1851.

## HEALD'S PETITION.

Upon a petition for leave to appeal from a decree of the Judge of Probate, it appeared that previous to a marriage, the parties made an agreement in writing, by which, in consideration of a release on the part of the husband, the wife released all claim to dower and to an allowance out of his estate. After his death, she petitioned the Judge of Probate for an allowance out of her husband's estate, which was made her. *Held*, that the decree for the allowance was erroneous, and should be reversed.

PETITION, for leave to appeal from a decree of the Judge of Probate.

The following facts were shown to the Court : —

Jesse Knowlton, late of Dublin, made his will, and appointed the petitioner his sole executor, and died leaving real and personal estate in this county. The will was proved in the Court of Probate on the third Tuesday of May, 1849. His widow, Lavinia Knowlton, upon application to the Court of Probate on the first Tuesday of August, 1849, was allowed the sum of one hundred dollars for her present support.

Before the marriage of the parties, and in contemplation thereof, they executed written articles of agreement whereby, in consideration that Knowlton agreed to relinquish all claim to her property by virtue of the marriage or otherwise, she agreed to relinquish, and did relinquish, all her claim to dower and to any allowance from his estate, and therein covenanted, among other things, that she would not at any time claim any thing from his estate. The covenant and agreement on her part was in consideration of the settlement by him of certain property

upon her. In accordance with this agreement and settlement, she now holds the property thus secured to her, to her own separate use, free from his control or that of his executors, heirs, or legatees, and this property is of greater value than the rights which the law would give her to his estate.

The petitioner was ignorant of the nature, effect and terms of this agreement and settlement, and the rights of the parties under it, when the allowance was made her by the Judge of Probate, and for more than sixty days thereafter, the agreement having been during that time in her possession; and he was prevented from appealing from the decree, through mistake, accident, or misfortune, until after the expiration of the period of sixty days.

He therefore prays that he may now be allowed to appeal from the decree.

*Wheeler*, for the petitioner.

*Chamberlain*, for Mrs. Knowlton.

GILCHRIST, C. J. Leave to appeal having been granted in this case at a prior term, the question now before us is upon the validity of the decree of the Judge of Probate making an allowance to Mrs. Knowlton.

It is unnecessary to decide or to investigate the question whether the antenuptial agreement entered into by the parties in the year 1847, would have the effect of precluding the wife under all circumstances from receiving any allowance or enforcing any claim against the estate of her late husband. There seems to be no reason why he might not, after the marriage, in the exercise of his marital rights, reduce her personal property to his possession, and appropriate it to other purposes than those for which it was intended by the agreement it should be used. If he might do this, his wife would have no remedy during the existence of the marriage. But in such case it would seem proper and equitable, that she should be compensated out of his estate, for the property which by the agreement was to be kept separate

therefrom. A state of facts might exist rendering it proper to inquire into and determine the effect of the agreement, and how far it should be considered as an estoppel upon her.

But such facts do not exist here. It does not appear that the husband violated the agreement in any particular. It was made upon a valuable consideration, and there is nothing in the case to show why, in addition to the benefits it gave her, she should receive an additional benefit from his estate. We are asked, in substance, to permit her to receive a sum of money from his estate, when she has expressly agreed, for a valuable consideration, that she will make no claim against his property, and when she shows no reason why we should sanction her departure from her agreement.

We are therefore of opinion that the Judge of Probate erred in making her an allowance.

*Decree reversed.*